THE HONORABLE LAURA KING

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MICHAEL RAWLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY, a Delaware corporation,<br><br>Defendant. | Case No.: 2:26−cv−00077−LK<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Michael Rawlins ("Plaintiff"), by their undersigned counsel, for their class action complaint against Defendant Phillips 66 Company ("Defendant"), hereby files this First Amended Class Action Complaint pursuant to FRCP 15(a)(1)(B), and alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow the usage



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions or withholdings and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant does business in the State of Washington and has operations in Whatcom County. Plaintiff originally filed this matter in Washington state court because Defendant is registered to conduct business in the State of Washington. Defendant has also obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets. This Court presently has jurisdiction insofar as Defendant removed this matter to federal court, and Whatcom County belongs to the Western District of Washington.

2.2 Venue. Venue was proper in Whatcom County because Defendant operates and transacts business in Whatcom County. RCW 4.12.025(1), (3). Following Defendant's removal, venue is presently proper in the Western District of Washington at Seattle because this case was originally properly filed in Whatcom County.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Michael Rawlins is a resident of Washington. Defendant hired Plaintiff Rawlins as an hourly-paid or non-exempt Pipefitter at its Ferndale, Washington location, from approximately November 17, 2008, to approximately March 11, 2025.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

3.2 Defendant. Defendant is a Delaware corporation with its principal place of business in Houston, Texas. Defendant operates various locations throughout the state of Washington that employ hourly, non-exempt employees.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from December 3, 2022, to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest, or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. From December 3, 2022 until the present, Defendant has employed more than 40 hourly-paid or non-exempt employees in the State of Washington. In its Removal, Defendant claims that there are at least 440 putative class members who worked for Defendant in the State of Washington during said timeframe. Dkt. # 1.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members;

i. Whether Defendant has engaged in a common course of making deductions or withholdings and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them;

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions or withholdings for each pay period for Plaintiff and the Class members;

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;


JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

m. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-126-025;

u. Whether Defendant has violated WAC 296-126-028;

v. Whether Defendant has violated WAC 296-128-620;

w. Whether Defendant has violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Plaintiff Rawlins worked for Defendant at its Ferndale, Washington refinery as a Pipefitter from on or about November 17, 2008, to on or about March 11, 2025. He last earned approximately $53 per hour.

5.2 Plaintiff's responsibilities included inspecting, testing, troubleshooting, repairing, and maintaining pipe systems and industrial systems. He would repair broken pumps, swap out valves, change pressure relief valves, and work on handrails. He was also responsible for laying out, assembling, and hydrotesting pipe systems. Plaintiff's work often involved hazardous materials that required him to wear protective equipment and gear, as well as bubble suits or fully encapsulated hazmat suits at times, particularly when working with oxygen pipes and tanks or hazardous substances.

5.3 Plaintiff was initially typically *scheduled* to work 8-hour shifts, five days a week, and was later typically *scheduled* to work 10-hour shifts, four days a week. Plaintiff and putative Class members often worked longer workdays than what had been scheduled.


JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.4 Plaintiff Rawlins, like the putative Class members, experienced a variety of wage-and-hour violations while employed by Defendant Phillips 66. The violations include, but are not limited to, non-compliant meal and rest breaks, unpaid minimum wages and overtime, sick leave violations, and unreimbursed expenses.

5.5 For some of Plaintiff's employment, supervisors kept track of employees' work hours, but the supervisor often failed to account for hours worked beyond those scheduled. Later, Defendant installed a timeclock for employees to clock in and out, but some issues with proper timekeeping continued to occur.

5.6 Plaintiff and putative class member had to often work late and through breaks because they were working with sensitive or hazardous materials, or tasks that required employees to remain until completing the task. Often, Plaintiff and his coworkers had to don bubble suits or hazmat suits that did not allow for donning and doffing by the time they should have been provided their break. Additionally, workers were pressured to meet certain quotas and complete work quickly, which also resulted in employees missing breaks or having to work more hours than initially scheduled. Defendant often failed to properly compensate Plaintiff and putative class members for hours worked beyond those scheduled, for overtime, and for missed rest breaks and meal breaks.

5.7 For example, as in the paycheck below, covering the weeks of January 29, 2024 through February 4, 2024 and February 5, 2024 through February 11, 2024, within the claim period, Plaintiff Rawlins and putative Class members experienced the following weekly violations:

a. At least one weekly missed rest break, almost all (if not all) rest breaks interrupted (particularly because employees were required to have a radio at all times that connected to different departments and had to listen to communications or might be required to assist coworkers), and about 2-3 weekly late rest breaks;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. About 2-6 weekly late or interrupted meal breaks;

c. About 30 minutes of weekly unpaid worktime that cut into breaks, for time that exceeded time allotted to don and doff;

d. About 30 minutes of weekly unpaid overtime that cut into breaks, for time that exceeded time allotted to don and doff, when the total weekly hours worked exceeded 40 hours, as in the example below: where 75 of Plaintiffs hours worked were paid at straight time and 12 hours were paid at overtime, for a total of 87 hours in that period, more than 40 per week;

e. Several hours of sick leave hours that were not properly accrued because they were not tracked or compensated (e.g. the additional time donning and doffing that exceeded allotted paid time); and

f. Approximately five minutes of personal cell phone use for work-related tasks, such as communicating with supervisor, each week or every few weeks, that went unreimbursed, as in the paycheck below.

Phillips 66 Company | Michael R Rawlins | PA:UH NE | Employee Number: 00133235

| | | Tax Status | | | State | | YTD Taxable Earnings | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Period Begin | 01/29/2024 | | | | | | | | | |
| Period End | 02/11/2024 | Federal | State | | Live | Work | SS | 22,072.94 | FED | 22,072.94 |
| Check Date | 02/16/2024 | FED Head of 00 | WA | 00 | WA | WA | Med | 22,072.94 | | |

| Gross | 5,139.05 | Deductions | 981.24 | Taxes | 1,117.63 | Net | 3,040.18 | Claim | 0.00 |
|---|---|---|---|---|---|---|---|---|---|

| Income | Date | Hour | Rate | Current |
|---|---|---|---|---|
| Hourly - Non-Exempt | | 51.50 | 53.15 | 2,737.23 |
| Hourly - Non-Exempt | | 24.00 | 51.60 | 1,238.40 |
| Premium Shift | | 2.00 | 2.25 | 4.50 |
| Premium Shift | | 2.50 | 1.13 | 2.83 |
| Unschd OT | | 12.00 | 79.73 | 956.76 |
| Meal Brk Prov Paid 1.5 | | 0.50 | 79.73 | 39.87 |
| Balance hours 1.5 | | 2.00 | 79.73 | 159.46 |
| Cash Earnings Total | | 90.00 | | 5,139.05 |
| Active Emp GTL Imp Inc | | | | 12.34 |
| ActiveEE GTLImpInc ADJ | | | | 1.38 |
| Emp Basic LTD Imp Inc | | | | 19.09 |
| Emp LTD Imp Inc ADJ | | | | 1.14 |
| No Pay | | 4.50 | 53.15 | 239.18 |
| Non Cash Earnings Total | | 4.50 | | 273.13 |

| Before-Tax Deductions | Current | YTD |
|---|---|---|
| Medical | 119.50 | 478.00 |
| Dental | 13.00 | 52.00 |
| Total Before-Tax | 132.50 | 530.00 |

| Taxes | Current | YTD |
|---|---|---|
| Federal | 674.84 | 3,172.44 |
| Social Security | 312.51 | 1,368.52 |
| Medicare | 73.09 | 320.06 |
| WA EE Family Leave In | 18.34 | 80.10 |
| WA EE Medical Leave I | 8.93 | 38.98 |
| WA EE WA Cares Fund L | 29.92 | 130.65 |



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.8 Defendant engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

5.9 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

5.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break, particularly when employees were engaged in hazardous, sensitive work, or work that could not be interrupted prior to completion.

5.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled, such as times when rest breaks were interrupted, provided late, or entirely missed.

5.12 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

5.13 Each time an hourly-paid or non-exempt employee missed or misses a rest break, Defendant receives the benefit of ten minutes worked without paying for the time worked.

5.14 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

5.15 Defendant had actual or constructive knowledge of the facts set forth above.

5.16 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work. Like Defendant's rest break violations, this especially occurred when employees were engaged in hazardous, sensitive work, or work that could not be interrupted


JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

prior to completion until everything was safe and secure, causing employees to take their meal breaks late.

5.17 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

5.18 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled, including when meal breaks were short due to employees taking longer than the time allotted and paid to don and doff protective gear.

5.19 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

5.20 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.21 Defendant had actual or constructive knowledge of the facts set forth above.

5.22 <u>Failure to pay minimum wages for all hours worked.</u> Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked, including all time spent working beyond scheduled shifts and/or time spent donning and doffing that went unpaid.

5.23 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

5.24 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

5.25 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.26 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay, including for all hours employees worked beyond their scheduled shifts when they had to work late and/or time spent donning and doffing that went unpaid.

5.27 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

5.28 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

5.29 Defendant had actual or constructive knowledge of the facts set forth above.

5.30 Unlawful Deductions or Withholdings and Rebates. Defendant has engaged in a common course of making deductions or withholdings and collecting rebates from the wages of Plaintiff and the Class members.

5.31 Defendant has done so as it has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them. For example, Plaintiff's supervisor caused Plaintiff to use his personal cell phone to respond to work-related tasks or items.

5.32 Defendant had actual or constructive knowledge of the facts set forth above.

5.33 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

5.34 Specifically, though not exclusively, Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

all hours worked by Plaintiff and the Class members. Those hours include uncompensated time that employees spent working beyond scheduled hours and/or that cut into their meal breaks.

5.35 Defendant has also engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

5.36 Defendant has also engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

5.37 Defendant had actual or constructive knowledge of the facts set forth above.

5.38 <u>Failure to pay all wages due at termination.</u> Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination. Examples of this include hours worked that went unpaid when employees worked beyond their scheduled shifts and through breaks.

5.39 Defendant had actual or constructive knowledge of the facts set forth above.

5.40 <u>Failure to maintain accurate payroll records.</u> Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

5.41 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week. This again includes all hours worked beyond scheduled shifts and all hours worked through breaks.

5.42 Defendant had actual or constructive knowledge of the facts set forth above.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## VI. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

6.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

6.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

6.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

6.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

6.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

6.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

6.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

6.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

6.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

8.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

8.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## IX. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)**

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face


JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

9.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

10.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

10.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

10.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. SIXTH CLAIM FOR RELIEF

## (Violations of RCW 49.52.060, RCW 49.48.010(3), and WAC 296-126-028 – Unlawful Deductions or Withholdings and Rebates)

11.1 Pursuant to RCW 49.52.060, RCW 49.48.010(3), and WAC 296-126-028, an employer may not make deductions or withholdings from an employee's wages except in limited circumstances.

11.2 Under Washington law, deductions, withholdings, and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

11.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060, RCW 49.48.010(3), and WAC 296-126-028.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XII. SEVENTH CLAIM FOR RELIEF

## (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

12.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

12.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) who are no longer employed by Defendant have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendant are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. EIGHTH CLAIM FOR RELIEF

## (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

13.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

13.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

13.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial,



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XIV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 20th day of January, 2026.

**JUSTICE LAW CORPORATION**

By: */s/ Veronica Chavez*
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
Veronica Chavez, WSBA #64610
Email: vchavez@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On January 20, 2026, I transmitted a true copy of:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Shareef Farag
sfarag@bakerlaw.com
Phillip H. Wang
pwang@bakerlaw.com
Cornelia Brandfield-Harvey
cbrandfieldharvey@bakerlaw.com
Nicholas Poper
npoper@bakerlaw.com
**Legal Staff:**
Cheryl A. Phillips
cphillips@bakerlaw.com
Jessica Runner
jrunner@bakerlaw.com
Jennifer Gudino
jgudino@bakerlaw.com
Jessica Williams
jswilliams@bakerlaw.com
**BAKER & HOSTETLER LLP**
999 Third Avenue, Suite 3900
Seattle, WA 98104-4076

**[X] By ECF**
**[X] By Electronic Mail**

*Attorney* for Defendant Phillips 66 Company

Executed on January 20, 2026, at Pasadena, California.

*/s/ Flor Gonzalez*
Flor Gonzalez



**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com